Mr. Olivier Uyttebrouck Arkansas Democrat-Gazette Capitol and Scott Streets P.O. Box 2221 Little Rock, AR 72203-2221
Dear Mr. Uyttebrouck:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. 25-19-101 et seq. (Repl. 1992 and Supp. 1993). Your request is submitted pursuant to A.C.A. 25-19-105(c)(3) (Supp. 1993) (authorizing the custodian, requester, or subject of personnel or evaluation records to seek an opinion from the Attorney General).
You state that the Arkansas Democrat-Gazette submitted a request to the City of Little Rock for access to the "investigative file that resulted in disciplinary action against Phyllis Brown, an employee of the Little Rock Office of Emergency Services." You state that the newspaper also asked for the "disposition of that investigation. . . ." This request was denied by Little Rock City Attorney Tom Carpenter, who stated that "there are no records covered by your request that deal with employee evaluations that have resulted in suspension or termination."
Your specific question in relation to the above is as follows:
 Does the Arkansas Freedom of Information Act require the city to release such records when an investigation leads to the disciplining of an employee, and does the act require the city to release the disposition of the disciplinary action?
Your question requires consideration of the exemption in the FOIA with respect to "employee evaluation or job performance records, including preliminary notes and other materials. . . ." A.C.A.25-19-105(c)(1) (Supp. 1993). These records are open to public inspection "only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." Id.
With regard to the FOIA request in this instance, correspondence attached to your request indicates that the custodian of the records in question has made a determination that the material requested meets the definition of employee evaluations, job performance records, preliminary notes and materials. See Letter from Britt Rice, Director of Personnel, to Jim Brooks, Arkansas Democrat-Gazette (April 13, 1994). Not having viewed the file or records involved, I am not in a position to question that determination. Fact questions may, of course, arise in determining whether, in any given instance, a particular record is a job performance or an employee evaluation record. It has been stated, with regard to the meaning of these terms, that:
 [n]o comprehensive definition of either term is provided, but the statute does state that `preliminary notes and other materials' associated with the evaluation process are included. This explanatory language was added to reach records of employee performance that are used in preparing formal evaluations. Thus, the provision exempts not only the evaluation itself, but also supporting documents, such [as] supervisors' memoranda, incident reports, and other records on which the evaluation is based.
J. Watkins, Arkansas Freedom of Information Act 132 (2d ed. 1994), citing Op. Att'y Gen. Nos. 93-076, 92-089, 90-295, and 90-086.
This office has interpreted the term "job performance record" to mean any record that "details the performance or lack of performance" of an employee within the scope of his employment, regarding "a specific incident or incidents." Op. Att'y Gen.88-162. See also Op. Att'y Gen. Nos. 93-055, 92-247, 92-207. As stated in Arkansas Freedom of Information Act, supra:
 This definition covers a variety of records, including written reprimands and letters of caution, documents on which a recommendation for dismissal was based, records of investigations into alleged employee misconduct, letters of commendation, and records related to promotion or demotion.
Id. at 132 and n. 322 (citing Attorney General opinions).
It is therefore my opinion that records of investigations into alleged employee misconduct would generally be considered "employee evaluation or job performance records." Additionally, records detailing the disposition of disciplinary action would, in my opinion, generally fall within this provision of the FOIA. The city is therefore not required to release records setting forth the disciplinary action taken or the reasons therefor, as long as the employee is neither suspended nor terminated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh